IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ROBERT COTNER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. CIV-17-757-M |
|  | ) |  |
| WARDEN BEAR, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a prolific litigant and state prisoner who appears *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) for initial proceedings.

Petitioner is in the custody of the Oklahoma Department of Corrections ("ODOC") serving a sentence of life imprisonment for his conviction of Using Offensive Weapon in Felony entered in the District Court of Creek County, Oklahoma, Case No. CF-91-194. According to ODOC's public records, Petitioner began serving this sentence in July 2014, after he discharged previous sentences that originally commenced with his reception into ODOC custody on June 30, 1992. Petitioner has a future 20-year term of imprisonment to serve as well.

District courts must review habeas petitions and summarily dismiss a petition

1

"[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Concordantly, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006). Pursuant to Rule 4, applied here in the exercise of the Court's discretion, the Petition has been preliminarily reviewed. For the following reasons, it is recommended that the § 2241 action be dismissed upon filing.

Petitioner has filed the Petition on the form for a 28 U.S.C. § 2241 habeas action. However, the claims asserted in the Petition demonstrate that Petitioner is seeking relief under 28 U.S.C. § 2254 by challenging the validity of the conviction and sentence he is presently serving.

In his Petition, Petitioner states the following claims for habeas relief:

**Ground One**: "U.S. Laws, Constitution and treatys [sic] require release when charges were dismissed in 1992 and ordered expunged in 1994." As supporting facts, Petitioner asserts: "In 2014, Respondent started Cotner serving a sentence for a crime that was dismissed in 1992 and they were ordered in 1994 to expunge from their records. See Attached."

**Ground Two**: "U.S. Constitution, statehood charter agreement, and U.S. Supreme

Court mandate when state courts do not prosecute by a grand jury indictment or get a waiver, conviction is void." As supporting facts, Petitioner asserts: "trial court and Ok. St. Att. Gen. admitted a grand jury would not indicte [sic] Cotner in 1991/1992 and they proceeded to trial without a waiver of indictment after a plea of 'mute' was intered [sic] and grand jury request was made."

**Ground Three**: "Trial court admitted [sic] in Apr. 2017 it had no jurisdiction to try Cotner, new witnesses and evidence proved Cotner is actualy [sic], factualy [sic], and legaly [sic] innosent [sic], testimony of police had been impeached in 1993, and they agreed with [Petitioner's] immediate release from prison through the Cleveland County habeas No. WH-17-005 and/or Okla. Criminal Appeals Court habeas corpus No. 17-575." As supporting facts, Petitioner states only: "See attached WH-17-009, confessed true by trial prosecutor, trial judge, and St. Att. Gen. Also HC-17-575 attached."

**Ground Four**: "The right to be arrested, charged, and tried on a criminal charge before being forced to serve a sentence for it." As supporting facts, Petitioner asserts: "Cotner was never arrested, charged, or tried for the crime he is in prison for. It was dismissed in 1992, court ordered expunged in 1994. It was never appealed because it had been separated for a later trial and dismissed. See Attached WH-17-009, St. admitted is true in both Cleveland Co. and Ok. Crim. App. Ct. (Cotner should be on his last sentence). Okla. Dept. of Corr. in 2014 'just' started

3

him serving a sentence for it." As his only request for relief, Petitioner seeks habeas relief vacating his conviction and sentence.

The only document attached to the Petition bearing a "17-575" case number is an Order Denying Extraordinary Relief entered on June 23, 2017, by the Oklahoma Court of Criminal Appeals ("OCCA") in <u>Robert Cotner v. Judge Virgin and Warden Bear</u>, Case No. HC-2017-575. In this Order, the OCCA found that Petitioner had applied for extraordinary relief challenging the Judgment and Sentence imposed against him in the District Court of Creek County, Case No. CRF-91-194, through a writ of habeas corpus filed in the District Court of Cleveland County, Case No. WH-2017-5. The OCCA denied Petitioner's application for extraordinary relief "[b]ased upon this Court's published Order of January 11, 1996, *Cotner v. Creek County District Court*, 1996 OK CR 3, 911 P.2d 1215." Petition, Att. 1, at 10.

Construing Petitioner's Petition as a 28 U.S.C. § 2254 challenge to his conviction and sentence entered in Creek County District Court, Case No. CF-91-194, this Court clearly lacks jurisdiction to review the merits of the Petition. Petitioner has previously sought habeas relief concerning his convictions and sentences in Case No. CRF-91-194. With regard to these convictions and sentences, the Tenth Circuit has

> note[d] that in an appeal involving a separate habeas petition Cotner filed in the Western District of Oklahoma challenging the same

4

convictions and sentences challenged in this case, we ordered the district court to enter an order denying the petition in its entirety. *Cotner v. Hargett*, No. 96-6349 (10th Cir. Jan. 8, 1998)(unpublished). Therefore, in any future habeas petition, Cotner must comply with the requirements of 28 U.S.C. § 2244(b).

Cotner v. Cody, 1998 WL 4336, *2 (10th Cir. 1998)(unpublished op.)(affirming district court's dismissal of Petitioner's habeas challenge to his convictions and sentences in Case No. CRF-91-194).

Petitioner does not contend or demonstrate that he complied with the requirements of 28 U.S.C. § 2244(b)[1] before filing this successive habeas application. Regardless of Petitioner's assertion that he is asserting claims for relief under 28 U.S.C. § 2241, and not § 2254, Petitioner's claims arise under 28 U.S.C. §2254 and challenge the validity of his conviction and sentence. Because Petitioner has not complied with the requirements of 28 U.S.C. § 2244(b), the Petition should be dismissed.

Further, because the § 2254 Petition is undoubtedly untimely on its face, see 28 U.S.C. § 2244(d)(1)(A), and Petitioner has not shown he is entitled to either statutory or equitable tolling of the one-year limitations period applicable to his claims, the Court should dismiss the action rather than transfer it to the appellate

---

[1] Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." When a petition is "second or successive," and the Tenth Circuit has not granted authorization under 28 U.S.C. § 2244(b), the court lacks jurisdiction. See In re Cline, 531 F.3d 1249, 1251-52 (10th Cir. 2008)(per curiam).

court for consideration of an implied request for authorization to proceed with a successive habeas action. See Kilgore v. Att'y Gen. of Colo., 519 F.3d 1084, 1089 (10th Cir. 2008)(holding district court may *sua sponte* dismiss a habeas action if it is "clear from the face of the petition itself" that the petition was not timely filed within the applicable limitation period). Further, it is clear from a review of Petitioner's claims that "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer," and under these circumstances "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Tenth Circuit] for authorization." In re Cline, 531 F.3d at 1252.

To the extent Petitioner's claims may be construed as claims impacting the duration of his sentence under 28 U.S.C. § 2241, 28 U.S.C. § 2244(d)(1)(D) requires that persons in custody pursuant to a state court judgment file their habeas actions within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Petitioner has made no credible assertion that he first became aware of the factual predicate for his claims within a year of the date on which he filed the instant Petition. Therefore, should the Court determine that the Petition could be construed as one asserting claims under 28 U.S.C. § 2241, the Petition should be dismissed as it is untimely, there are no grounds for statutorily tolling the limitations period, and Petitioner has not shown he is entitled to equitable tolling of the limitations period.

6

See Holland v. Florida, 560 U.S. 631, 645, 649 (2010)(holding § 2244(d)'s limitation period may be subject to equitable tolling but equitable tolling is warranted only when the litigant diligently pursues his federal rights and shows some extraordinary circumstance prevented timely filing); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(holding equitable tolling is available only in "rare and exceptional circumstances")(internal quotation marks and citation omitted).

Finally, this Court has imposed filing restrictions upon Petitioner due to his continued abuse of the writ. These filing restrictions require that Petitioner include with all habeas petitions "a signed and sworn attachment listing every petition or other application for post-conviction relief filed by Mr. Cotner in this or any other court of law or equity (whether state or federal). Each case must be listed in the following manner: by style (title) of the case, docket number, court, date filed, description of the case, and disposition and date thereof." Robert Cotner v. Warden McCollum, No. CIV-12-1398-M (Order, April 25, 2013, Miles-LaGrange, D.J.), appeal dismissed, No. 16-6023 (10th Cir. 2016)(unpublished order).

Petitioner has attached to the Petition a lengthy list of cases that is comprised of a photocopied and handwritten list of cases filed by Petitioner in unidentified courts. The list fails to include a description of the case and includes information that is false regarding the disposition of the cases. For instance, Petitioner merely states "settled out of court" with respect to many cases. In one of Petitioner's

7

descriptions of the disposition of the case, Petitioner states: "After dismissal CASE was settled out of Court BY ARREST and Prosecution of Warden Boones Son, and the arrest and firing of several Prison staff, THEREBY PROVING CLAIMS true." Petition, att. 1, at 15. No such dispositions have been entered in any of Petitioner's cases. Accordingly, the instant habeas action, whether construed as an action seeking relief under 28 U.S.C. § 2241 or § 2254, should be dismissed due to Petitioner's failure to comply with the required filing restrictions.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus be DISMISSED upon filing as an unauthorized successive petition, as untimely, and for failure to comply with previously imposed filing restrictions. Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by  September 5th , 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues

8

referred to the undersigned Magistrate Judge in the captioned matter. Petitioner's Petition to Appoint Counsel (Doc. # 10) and any other pending motion not specifically addressed herein are denied.

ENTERED this __16th__ day of __August__, 2017.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE